# WINTER SESSIONS,
## 1910

STATE *vs.* HOWARD H. ANDERSON.

*Forgery—Statutes—Check—Endorsement—Intent to Defraud—
Proof—"Publish or Utter"; Meaning of—Knowledge of the.
Forgery—Indictment—Distinct Counts—Proof Sustaining
One Count—Conflicting Testimony—Pre-
sumption of Innocence—Reasonable Doubt
—Burden of Proof.*

1. A check, made to the order of and mailed to H. J. A., was, by mistake, delivered to H. H. A., who, it was alleged, with intent to defraud the maker, endorsed the name of the payee upon it; *held* that such endorsement with such intent constituted a forgery.

2. As generally defined, forgery, at common law, is the fraudulent making or altering of a writing to the prejudice of another man's rights.

3. Statutes have been enacted in this State enlarging the meaning of the crime of forgery, and particularly enumerating acts which constitute the offense, yet they do not take away the character of the offense, as it existed at common law. The essense of the crime of forgery is the fraudulent intent that inspired *or accompanied the act.*

4. The intention to defraud is an essential to the completion of the crime of forgery, and such intention must be averred in the indictment and proved at the trial.

5. The intent with which an act is done, is the design, resolve or determination within the mind of the person who forms it.

6. The intent with which an act is done, as the intent to defraud, may be shown either by direct evidence, as by the express confession or declaration of the accused, or by indirect evidence, as by the acts or conduct of the accused, or by other circumstances from which the intent may be reasonably and naturally inferred.

7. It is not necessary, to complete the crime of forgery, that the intent to defraud should be carried out or accomplished.

8. By the words "publish or utter," within the meaning of the statute, an offer is contemplated.

9. To publish and utter a check, bearing a forged endorsement, is to offer it to another; and to do so with knowledge of such endorsement is an offense against the statute.

10.   In a prosecution for forging an endorsement upon a check, and of publishing and uttering the same with knowledge of such endorsement, it is incumbent upon the State to prove, beyond a reasonable doubt, that the accused did publish and utter the check with a forged endorsement knowingly.   But it is not necessary to prove that the endorsement has been forged by the accused.

11.   Knowledge, on the part of the accused, of the forged endorsement upon the check, at the time of uttering it, is essential to the completion of the offense of publishing and uttering, under the statute, and it must be averred and proved.

12.   When an indictment contains two or more counts, charging distinct offenses, the accused may be found guilty under any one of the counts.

13.   Where evidence is conflicting, the jury should reconcile it, if they can; if they cannot, they should accept that which they deem most worthy of credit, and reject that which they find least worthy of credit, having regard to the intelligence and interest of the witnesses and their opportunity to see and understand, and their ability to comprehend and remember that to which they have testified.

14.   The law presumes every one innocent of crime until proven guilty.

15.   A reasonable doubt of the guilt of the accused in respect to any essentail ingredient of the crime charged  inures to the acquittal of the accused.

16.   By reasonable doubt is meant, not a mere vague, fanciful or indefinable doubt, but such a doubt as reasoning men would have  under all the circumstances of  the case.

17.   The burden of  proving the guilt of the accused, beyond a reasonable doubt, rests upon the State.

Del. cases cited:  *State vs. Hegeman*, 2 *Penn.* 143.

Del.  statute:  *Rev.  Code* (1893), *Chap.* 129, *Sec.* 3 *p.* 949.

(*January*  7,  1910.)

Judges Conrad and Woolley sitting.

*Josiah O. Wolcott*, Deputy Attorney-General, for the State.

*J. Frank Ball* for the defendant.

Court of General Sessions, New Castle County, January Term, 1910.

Charge.

INDICTMENT FOR FORGING AN INDORSEMENT UPON A CHECK, AND UTTERING THE SAME (No. 70 September Term, 1909).

WOOLLEY, J., charging the jury:

Gentlemen of the jury:—Howard H. Anderson, the prisoner at the bar, is charged by an indictment, containing two counts, with the offenses of feloniously and fraudulently making, forging and counterfeiting an endorsement upon a check, and of publishing and uttering the same with knowledge that the endorsement was falsely made or forged.

The statute upon which these two charges are based, provides that, "If any person with intent to defraud, shall falsely make, forge or counterfeit  *  *  *  an endorsement  *  *  * of a  *  *  *  check  *  *  * , or shall publish or utter as true  *  *  *  any such forged or counterfeited instrument or writing  *  *  *  knowing the same to be forged, counterfeited or altered, such person shall be deemed guilty of felony." *Chap* 129, *Sec.* 3, *Rev. Code* (1893), *page* 949.

It is claimed by the State that a certain check, dated at Wilmington, Delaware, June 26, 1909, made by T. N. Stayton to the order of H. J. Anderson, for the sum of fourteen dollars and forty-five cents, was mailed by the maker of the check to the payee together with an account of sale of merchandise, addressed to the payee, at Fairmount, Sussex County, Delaware, but by a mistake in the mail service, was delivered to and received by Howard H. Anderson, the prisoner, at Townsend, Delaware, who *first*, with intent to defraud Thomas N. Stayton, forged the name of H. J. Anderson, the payee, by endorsing the same upon the check; and *second*, published and uttered as true, the falsely made endorsement upon the check, well knowing the same to be falsely made and forged.

It is claimed by the prisoner that he believed the check in question belonged to him, that he thought it was sent to him by a party who owed him money for an amount larger than the amount of the check, that he showed the check and the account of sale accompanying it, to the witness Lattomus, who said it was good

and who directed him to endorse it with the name of the payee and then with his own name, and that he made the endorsements upon the check, and that he offered it to Lattomus, innocently and without intent to defraud and without knowledge or conception that the endorsement was a forgery.

With respect to the charge of forgery, which is the charge contained in the first count of the indictment, the Court instructs you, that at common law, forgery was a misdemeanor, and was defined generally as "the fraudulent making or altering of a writing to the prejudice of another man's rights." (4 *Black. Com.* 247). Because of its gravity, statutes have been enacted in Delaware, as in most of the States, particularly enumerating acts which constitute the offense, and at the same time making such acts felonies instead of misdemeanors, and providing for their perpetration more severe punishments. While these statutes enlarge the meaning of the crime of forgery and make more difficult a definition comprehensive of all the acts contemplated by them, they do not take away the character of the offense as it existed at common law, which contemplated an act made unlawful when done with a fraudulent intent.

In considering the issues submitted to you in this case, you should first determine from the evidence, whether Howard H. Anderson, the prisoner, was intended to be the payee of the check, though described by the name of H. J. Anderson. If the maker intended the check to be payable to Howard H. Anderson, the prisoner, though describing him by a different name, his endorsement by that name was lawful.

If you find that the payee of the check was in fact a person other than the prisoner, and being a name different from that of the prisoner, you should next determine whether Howard H Anderson, the prisoner, endorsed upon the check the name H. J. Anderson, the real payee.

Should you find that the prisoner endorsed upon the check the name of H. J. Anderson, the payee, you should next determine whether the prisoner so endorsed the payee's name with intent to defraud, or innocently and without such wrongful intent

Charge.

Under the statute of this State, as at the common law, the essence of the crime of forgery is the fraudulent intent that inspired or accompanied the act. (1 *Wharton's Criminal Law,* *Secs.* 713, 717.) As at common law, so under the statute of this State, the intention to defraud is an essential to the completion of the offense, which must be averred in the indictment and proved at the trial. (*State v. Hegeman,* 2 *Penn.* 143.)

The intent with which an act is done, being a design, resolve or determination wholly within the mind of him who forms it, may be shown in two ways,—*first* by direct evidence, that is by the express confession or declaration of the accused as to what he contemplated in doing the act; or *second,* by indirect evidence, that is, by the proof of acts or conduct of the accused, as well as of other circumstances incident to the transaction, from which the intent can reasonably and naturally be inferred.

It is not necessary, however, to the completion of the crime of forgery, that the intent to defraud shall have been carried out and the party be actually defrauded. If you find from the evidence, of which you are the sole judges and with respect to which the Court cannot charge you, that the prisoner endorsed upon the check the name of H. J. Anderson, the payee, with an intent to defraud Thomas N. Stayton, the maker, he will be found to have committed the felony of forgery and your verdict should be "guilty."

If you find that the prisoner endorsed upon the check the name of H. J. Anderson, the payee, innocently and without an intent so to defraud, he will be found not to have committed the felony of forgery, and your verdict should be "not guilty," unless, indeed, you find the prisoner guilty of uttering the check with a forged endorsement, as charged in the second count of the indictment.

The second count of the indictment contemplates an offense different in its nature from the one charged in the first count. In the second count, the prisoner is not charged with forging the endorsement, but with the offense of publishing and uttering the

check with a forged endorsement, with knowledge of the falsity and forgery of such endorsement.

With respect to that part of the statute which refers to the publishing and uttering a forged check, you are instructed that by the words "publish or utter," an offer is contemplated. To publish and utter a check bearing a forged endorsement is to offer it to another, and to assert and declare, directly or indirectly, by words or actions, that the check offered is good. When such an uttering or offering is made by the accused with proof that the same was done while he well knew that the endorsement upon the check was falsely made, or forged, the offense contemplated by the statute is completed.

In order, therefore, to convict the prisoner upon the charge contained in the second count of the indictment, it is incumbent upon the State to prove to you beyond a reasonable doubt, *first*, that the prisoner did in fact publish, utter or offer the check bearing the forged endorsement; and *second*, that he did it knowing the same to be forged or counterfeited. But it is not necessary to prove that the forgery was done by the prisoner.

If you find that the prisoner did not in fact utter or offer the check bearing a forged endorsement, the prisoner cannot be found guilty under this count. If, however, you find that the prisoner did utter or offer the check bearing the false or forged endorsement, the next question for you to determine, is whether he did feloniously and fraudulently utter and offer the check, knowing at the same time that the endorsement thereon was forged or counterfeited.

Under the statute of this State, as at common law, the essence of the crime of forgery is the fraudulent intent that inspired or accompanied the act (1 *Wharton's Criminal Law, Secs.* 713, 717), so in the crime of feloniously and fraudulently publishing and uttering a check bearing a forged or counterfeited endorsement, the essence of the offense is the knowledge on the part of the accused when the check was uttered, that the endorsement made upon it was false and forged.

As at common law, so under the statutes of this State, re-

specting the publishing and uttering such a check, the knowledge of the false or forged endorsement, is an essential to the completion of this offense, which must be averred in the indictment and proved at the trial.    (*State v. Hegeman*, 2 *Penn.* 143.)

Such guilty knowledge like an intent to defraud, being a matter wholly within the mind of the accused, may be found by direct evidence, such as the admissions or declarations of the accused, or by indirect evidence, that is by the rational inferences to be drawn from what the accused is proven to have done or said and from all the facts and circumstances involved in the transaction,

If you find that the prisoner uttered or offered the check with knowledge of a forged endorsement, your verdict should be "guilty."    If you find that the prisoner uttered or offered the check without knowledge that the endorsement was a forgery, your verdict should be "not guilty," unless indeed, you find the prisoner guilty of forgery as charged in the first count of this indictment.

This indictment contains two counts charging two separate and distinct offenses.    To acquit the prisoner altogether you must find him guiltless of the charges contained in both counts; to convict him, you must find him guilty of the charge contained in either count.

If, in the consideration of the issues in this case, you find the evidence conflicting, you should reconcile it if you can; if you cannot, you should accept that which you deem most worthy of credit, and reject that which you find least worthy of credit, having regard to the intelligence and interest of the witnesses and their opportunity to see and understand and their ability to comprehend and remember that to which they have testified.

In reaching conclusions upon the issues in this case, which include the alleged wrongful endorsement and uttering, as well as the alleged intent to defraud and guilty knowledge, you are instructed that the law presumes every one innocent of crime until proven guilty, and that where there appears a reasonable doubt

of the guilt of the accused in respect to any essential ingredient of the crime, by which is meant, nor a mere vague, fanciful or indefinable doubt but such a doubt as reasoning men would have under all the circumstances of the case,—that doubt inures to the benefit of the prisoner, as the burden of proving the guilt of the prisoner beyond such a reasonable doubt, rests upon the State.

Verdict, guilty with a recommendation to mercy.